UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIGOBERTO JOSE MORENO,<br>　　　　Plaintiff,<br>　　v.<br>PERKINS WILL, INC., et al.,<br>　　　　Defendants. | Case No. 19-cv-07443-EMC<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**<br><br>Docket No. 32 |
| JOSE RIGOBERTO MORENO,<br>　　　　Plaintiff,<br>　　v.<br>ERIC AUKEE, et al.,<br>　　　　Defendants. | Case No. 19-cv-04206-EMC<br><br><br>Docket Nos. 69-71, 74-76 |

On July 22, 2019, Plaintiff Rigoberto Jose Moreno, proceeding pro se, filed a lawsuit against a long list of defendants. *See* Docket No. 1 in Case No. 3:19-cv-04206-EMC. On September 20, 2019, the Court dismissed that case and judgment was entered. *See* Docket Nos. 20, 21 in Case No. 3:19-cv-04206-EMC. On November 12, 2019, Mr. Moreno filed the instant lawsuit. *See* Docket No. 1.[1] On November 18, 2019, Mr. Moreno's two lawsuits were related. *See* Docket No. 8. On February 20, 2020, the Court dismissed Case No. 3:19-cv-07443-EMC because Mr. Moreno had failed to serve Defendants within 90 days after the complaint was filed. *See* Docket No. 31.

---

[1] Unless otherwise specified, the Docket Numbers in this order refer to the Docket Numbers in Case No. 19-cv-07443.

On March 4, 2020, the Court ordered Mr. Moreno to show cause why Case No. 3:19-cv-07443-EMC should not be dismissed with prejudice for failure to prosecute. *See* Docket No. 32. Mr. Moreno was permitted one week to file any response and was warned that if the Court were to dismiss Mr. Moreno's case with prejudice and enter judgment, the electronic filing portal for Mr. Moreno's two cases would be closed, and Mr. Moreno would be unable to make any additional filings in either of these two cases. *Id.* More than two weeks have now passed since the Court's Order to Show Cause. Although Mr. Moreno has filed no response in Case No. 3:19-cv-07443-EMC, he has filed several documents in Case No. 3:19-cv-04206-EMC (which has been closed since September 20, 2019): a Motion to Continue, *see* Docket No. 69 in Case No. 3:19-cv-04206-EMC, a supplemental brief in support of that Motion to Continue, *see* Docket No. 70 in Case No. 3:19-cv-04206-EMC, a Motion to Compel, *see* Docket No. 71 in Case No. 3:19-cv-04206-EMC, a statement regarding one of the Court's prior orders, *see* Docket No. 74 in Case No. 3:19-cv-04206-EMC, and two identical documents purporting to be a stipulation and a response to the Court's Order to Show Cause, *see* Docket Nos. 75 and 76 in Case No. 3:19-cv-04206-EMC.

The Court has reviewed these filings to determine whether any one of them might be construed as a meaningful response to the Court's Order to Show Cause in Case No. 3:19-cv-07443-EMC. While several of the documents' captions contain the phrase "In Response to Order - To Show Cause Should Not Be Dismissed With Prejudice," *see* Docket No. 69 in Case No. 3:19-cv-04206-EMC, Docket No. 70 in Case No. 3:19-cv-04206-EMC, Docket No. 71 in Case No. 3:19-cv-04206-EMC, and Docket Nos. 75 and 76 in Case No. 3:19-cv-04206-EMC (which are identical), the Court can find nothing in these filings that addresses Mr. Moreno's failure to prosecute Case No. 3:19-cv-07443-EMC. In addition, it is impossible to discern a specific request for relief in any of the filings or to determine what other purpose they might be intended to serve. As a result, to the extent those filings seek relief from this Court, those requests are **DENIED**.

The Court has also reviewed Docket Number 74 in Case No. 3:19-cv-04206-EMC, which was entitled "Motion to Clarify: In Response to Order – to Show Cause Why Case Should Not Be Dismissed With Prejudice and Denying Plaintiff's Motion to Compel." *See* Docket No. 74 in Case No. 3:19-cv-04206-EMC. Although very difficult to decipher, Mr. Moreno appears to

2

contend that Defendants were actually served in Case No. 3:19-cv-07443-EMC through the U.S. Marshals. However, in December 2019, the Clerk's Office mailed Plaintiff a notice, requesting the addresses of Defendants in the case so that the U.S. Marshals could effectuate service. *See* Docket No. 23 ("To ensure that proper service is made, the address(es) of the defendant(s) must be submitted to this office."). Because Mr. Moreno had electronic case filing access at that time, he also received notice of the Clerk's letter through ECF.[2] *See* Docket No. 14. However, Mr. Moreno never responded to the Clerk's request for Defendants' addresses; therefore the U.S. Marshals were never able to serve them. Thus, Mr. Moreno's assertion that Defendants *were* served is incorrect and does not constitute good cause that would prevent the dismissal of this case.

"In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). With respect to the first factor, Mr. Moreno has failed to diligently pursue this case for more than four months; this factor weighs in favor of dismissal. *See id.* (noting that failure to prosecute for "almost four months" weighs in favor of dismissal). With respect to the second factor, Mr. Moreno's "petition has consumed some of the court's time that could have been devoted to other cases on the docket." *Id.* As in *Pagtalunan*, this factor also weighs in favor of dismissal.

With respect to the third factor, because no defendants have been served in this case, no one has been required to respond to Mr. Moreno's Complaint; the Ninth Circuit has recognized "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999)). However, courts have

---

[2] Although the notice sent by U.S. mail was returned as undeliverable, *see* Docket No. 28, as this Court has previously noted, Mr. Moreno has spoken with Courtroom Deputy Angella Meuleman many times regarding his case, but he has consistently declined to provide her with an updated mailing address. *See* Docket No. 20 in Case No. 3:19-cv-04206-EMC.

3

1  "also related the risk of prejudice to the plaintiff's reason for defaulting." *Id.* Here, Mr. Moreno

2  has provided no meaningful explanation for his delay in serving Defendants or in assisting the

3  Clerk's Office so that the U.S. Marshals might serve the Defendants. *See* Docket No. 32. In

4  addition, the Court has repeatedly directed him to the legal resources available to pro se litigants.

5  *See, e.g.*, Docket Nos. 4 and 15 in Case No. 3:19-cv-04206-EMC. With respect to the fourth

6  factor, after the Court dismissed Mr. Moreno's case without prejudice, it ordered him to show

7  cause why the case should not be dismissed with prejudice. *See* Docket Nos. 31, 32. However,

8  Mr. Moreno did not timely respond to the order to show cause, and more importantly, when he did

9  respond, he provided no explanation for his failure to provide the Clerk's office with Defendants'

10  addresses so that service could be effectuated. Thus, the fourth factor also favors dismissal. *See*

11  *Yourish*, 191 F.3d at 992 (noting that where a court first grants a plaintiff a second chance to

12  salvage his case instead of dismissing the action with prejudice, the court may be said to have

13  considered "a less drastic alternative to dismissal with prejudice"). With respect to the fifth factor,

14  "public policy favors disposition of cases on the merits." *Pagtalunan*, 291 F.3d at 642 (citing

15  *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). While the Court is not

16  deciding this case on the merits, it has reviewed the Complaint and can neither identify a viable

17  cause of action from the pleadings, nor determine whether the Court would have jurisdiction if a

18  viable claim does exist. Although the fifth factor would normally weigh against dismissal, it does

19  not here.

20  Weighing all five factors, the Court notes that all of them weigh in favor of dismissal.

21  Thus, the Court concludes it is appropriate to dismiss this case with prejudice.

22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

4

Accordingly, the Court **DENIES** Mr. Moreno's various requests for relief, to the extent that any of the aforementioned filings constitute requests for relief. It also **DISMISSES** Case No. 3:19-cv-07443-EMC for failure to prosecute. The Clerk is directed to enter judgment in Case No. 3:19-cv-07443-EMC and close the electronic filing portal for both of Mr. Moreno's cases.

This order disposes of Docket Nos. 69, 70, 71, 74, 75, and 76 in Case No. 3:19-cv-04206-EMC.

**IT IS SO ORDERED**.

Dated: March 24, 2020

_____
EDWARD M. CHEN
United States District Judge